22-6548
*Cen v. Bondi*

BIA
Zagzoug, IJ
A215 738 453

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-five.

PRESENT:
>DENNY CHIN,
>RICHARD J. SULLIVAN,
>ALISON J. NATHAN,
>        *Circuit Judges.*

_____

JIANBIN CEN,

>        *Petitioner*,

>        v.                                                    No. 22-6548
                                                              NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

>        *Respondent*.

_____

**FOR PETITIONER:** Li Han, Flushing, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianbin Cen, a native and citizen of the People's Republic of China, seeks review of the November 21, 2022 decision of the BIA affirming an immigration judge's denial of Cen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianbin Cen*, No. A215 738 453 (B.I.A. Nov. 21, 2022), *aff'g* No. A215 738 453 (Immigr. Ct. N.Y.C. Feb. 1, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the decision of the immigration judge ("IJ") as modified by the BIA, which did not reach the IJ's determination that Cen's asylum claim was time-barred. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

2

We review the agency's factual findings under the substantial evidence standard and questions of law and application of law to fact *de novo*.   *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).   "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has the burden to show past persecution or a "well-founded fear of persecution."   *Id.* § 1101(a)(42), *see id.* § 1158(b)(1)(B)(i).   "[A] person who has a well[-]founded fear that he . . . will be forced to undergo [an involuntary sterilization] procedure" or be "subject to persecution for . . . refusal" to undergo such a procedure "shall be deemed to have a well[-]founded fear of persecution on account of political opinion."   *Id.* § 1101(a)(42).   Where, as here, an applicant alleges a fear of returning to China because he has violated the family planning policy, the agency and the Court look to whether the "petitioner (1) identified the government policy implicated by the births at issue, (2) established that government officials would view the births as a violation of the policy, and (3) demonstrated a reasonable possibility that government officials would enforce the policy against petitioner through means constituting persecution."   *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142–43 (2d Cir. 2008).

3

The agency reasonably found that Cen failed to meet his burden of establishing a well-founded fear of persecution. Chen did not identify or document what the relevant family planning policies in China were or how they were generally being enforced, nor did he provide reliable evidence that having a child out of wedlock in the United States would violate or be perceived as violating Chinese law or policy. *See id.* Instead, Cen relied on a document, purportedly received from a Resident Committee in response to an inquiry by his father, explaining that Cen would be denied household registry status for having a child out of wedlock unless he underwent "temporary sterilization." Certified Admin. Rec. at 62. The agency was not required to credit this document. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The document was unsigned, and Cen did not produce the original document or provide any evidence to establish its authenticity. Moreover, a 2017 State Department report undermined Cen's representations about China's family planning policies because it reflected a 2015 policy change allowing the children of single parents or children born in violation of the one-child policy to be included in household registration – without any mention of a penalty requiring

4

sterilization. Cen also did not provide evidence of forced sterilizations of similarly situated people, *i.e.*, people who had children abroad outside of marriage. "In the absence of solid support in the record for [Cen]'s assertion that he will be subjected to forced sterilization, his fear is speculative at best." *Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005).

Because Cen failed to demonstrate the well-founded fear of persecution needed for asylum, he "necessarily" failed to meet the higher standards for withholding of removal.[1] *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010). This failure to show a well-founded fear of persecution in China is dispositive, so we do not reach the agency's firm resettlement finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.")

---

[1] Cen has not challenged the BIA's determination as to the CAT claim, so we do not consider it here. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (holding petitioner forfeited his claim "by failing to discuss [it] anywhere in his brief"); *see also Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that issue exhaustion is "mandatory" when the government raises it). **[Gov't Br. 15 n.2; CAR 3 n.1.]**

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court